UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| PRAVINA PATEL and | ) | |
| HEMANG PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The United States of America, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action under 31 U.S.C. § 3711(g)(4)(C) to collect: (1) outstanding civil penalties, along with an associated late-payment penalty and interest, assessed against Pravina Patel for her failure to timely report her financial interest in foreign bank or other financial accounts as required by 31 U.S.C. § 5314 and its implementing regulations; and (2) outstanding civil penalties, along with an associated late-payment penalty and interest, assessed against Hemang Patel for his failure to timely report his financial interest in foreign bank or other financial accounts as required by 31 U.S.C. § 5314 and its implementing regulations . In support of its complaint, the United States alleges as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. It appears that Pravina Patel may reside in Montgomery County, Pennsylvania within the jurisdiction of this Court. (Alternatively, Ms. Patel may reside in Connecticut, and a complaint is also being filed with the United States District Court for the District of Connecticut in the event that she resides there.)

3.  It appears that Hemang Patel may reside in Montgomery County, Pennsylvania within the jurisdiction of this Court. (Alternatively, Mr. Patel may reside in Connecticut, and a complaint is also being filed with the United States District Court for the District of Connecticut in the event that he resides there.)

4.  The Eastern District of Pennsylvania is the proper venue for this action under 28 U.S.C. § 1391(b)(1) and 1395(a) if the defendants reside in Montgomery County, Pennsylvania.

    Count I - Reduce FBAR Penalties Assessed against Pravina Patel to Judgment

5.  Pravina Patel is, and was at all times relevant to this action, a "United States person" within the meaning of 31 C.F.R. § 1010.350.

6.  During calendar years 2007 through 2010, Pravina Patel had a financial interest in bank or other financial accounts at Bank of Baroda, Central Bank of India, HDFC Bank, and Vijaya Bank in India.

7.  The aggregate value of the accounts at Bank of Baroda, Central Bank of India, HDFC Bank, and Vijaya Bank exceeded $10,000 during 2007, 2008, 2009, and 2010.

8.  Pravina Patel failed to timely file Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts (hereinafter "FBAR"), to report her financial interest in accounts at Bank of Baroda, Central Bank of India, HDFC Bank, and Vijaya Bank during 2007, 2008, 2009, and 2010.

9.  Pravina Patel's representative Richard G. Convicer signed a series of consents to extend the time to assess a civil penalty against Ms. Patel pursuant to 31 U.S.C. § 5321 for violations of the reporting requirement with respect to foreign financial accounts maintained during 2007 and 2008, ultimately extending the time to assess to December 31, 2016.

2

10. On June 29, 2016, civil penalties totaling the following amounts were assessed against Pravina Patel pursuant to 31 U.S.C. § 5321 for her failure to timely report her financial interest the following accounts during 2007, 2008, 2009, and 2010 (hereinafter the "FBAR Penalties"):

| Year | Bank | Account Numbers Ending | Total Penalties |
|---|---|---|---|
| 2007 | Bank of Baroda | 0630, 0055, 0731, 1344, 3229 | |
| | Central Bank of India | 9875 | |
| | HDFC Bank | 1549, 1983, 4642, 3487, 7738, 7006 | |
| | Vijaya Bank | 7487 | $22,428.00 |
| 2008 | Bank of Baroda | 0630, 0055, 0731, 0156, 1344, 3229 | |
| | Central Bank of India | 9875 | |
| | HDFC Bank | 1549, 1983, 4642, 3487, 7738, 7006, 6971, 7860 | |
| | Vijaya Bank | 7487 | $21,259.00 |
| 2009 | Bank of Baroda | 0630, 0055, 0731, 0156, 1344, 3229, 6470 | |
| | Central Bank of India | 9875 | |
| | HDFC Bank | 1549, 6110, 1983, 4642, 3487, 7738, 7006, 6971, 7860, 8901 | |
| | Vijaya Bank | 7487 | $20,779.00 |
| 2010 | Bank of Baroda | 0630, 0055, 0731, 0156, 1344, 3229, 6470, 9855, 9856 | |
| | Central Bank of India | 9875 | |
| | HDFC Bank | 1549, 6110, 1983, 4642, 3487, 7738, 7006, 6971, 7860, 8901 | |
| | Vijaya Bank | 7487 | $21,796.00 |

11. By letter dated June 29, 2016, the Internal Revenue Service notified Pravina Patel of the assessment of the FBAR Penalties and demanded payment of the penalties.

12. The balance due on the FBAR Penalties assessed against Pravina Patel, along with statutory additions and interest, including a late-payment penalty assessed pursuant to 31 U.S.C. § 3717(e)(2), is $98,090.53, plus statutory additions and interest from June 14, 2018.

Count II - Reduce FBAR Penalties Assessed against Hemang Patel to Judgment

13. Hemang Patel is, and was at all times relevant to this action, a "United States person" within the meaning of 31 C.F.R. § 1010.350.

14. During calendar years 2007 through 2010, Hemang Patel had a financial interest in bank or other financial accounts at Bank of Baroda, Central Bank of India, and HDFC Bankin India.

15. The aggregate value of the accounts at Bank of Baroda, Central Bank of India, and HDFC Bank exceeded $10,000 during 2007, 2008, 2009, and 2010.

16. Pravina Patel failed to timely file Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts (hereinafter "FBAR"), to report his financial interest in accounts at Bank of Baroda, Central Bank of India, and HDFC Bank during 2007, 2008, 2009, and 2010.

17. Hemang Patel's representative Richard G. Convicer signed a series of consents to extend the time to assess a civil penalty against Mr. Patel pursuant to 31 U.S.C. § 5321 for violations of the reporting requirement with respect to foreign financial accounts maintained during 2007 and 2008, ultimately extending the time to assess to December 31, 2016.

18. On June 29, 2016, civil penalties totaling the following amounts were assessed against Hemang Patel pursuant to 31 U.S.C. § 5321 for his failure to timely report his financial interest in the following accounts during 2007, 2008, 2009, and 2010 (hereinafter the

4

"FBAR Penalties"):

| Year | Bank | Account Numbers Ending | Total Penalties |
|------|------|------------------------|-----------------|
| 2007 | Bank of Baroda | 1401, 1344, 3229 | |
| | Central Bank of India | 3887, 9875 | |
| | HDFC Bank | 1151, 0466, 8826, 1983, 4642, 3487, 7738, 7006 | $11,686.00 |
| 2008 | Bank of Baroda | 1401, 1344, 3229 | |
| | Central Bank of India | 3887, 9875 | |
| | HDFC Bank | 1151, 0466, 8826, 1983, 4642, 3487, 7738, 7006, 6971, 7860 | $10,965.00 |
| 2009 | Bank of Baroda | 1401, 1344, 3229, 6470 | |
| | Central Bank of India | 3887, 9875 | |
| | HDFC Bank | 1151, 0466, 8826, 1983, 4642, 3487, 7738, 7006, 6971, 7860, 8901 | $10,198.00 |
| 2010 | Bank of Baroda | 1401, 1344, 3229, 6470, 9855, 9856 | |
| | Central Bank of India | 3887, 9875 | |
| | HDFC Bank | 1151, 0466, 8826, 1983, 4642, 3487, 7738, 7006, 6971, 7860, 8901 | $11,009.00 |

19. By letter dated June 29, 2016, the Internal Revenue Service notified Hemang Patel of the

    assessment of the FBAR Penalties and demanded payment of the penalties.

20. The balance due on the FBAR Penalties assessed against Hemang Patel, along with

    statutory additions and interest, including a late-payment penalty assessed pursuant to 31

    U.S.C. § 3717(e)(2), is $48,763.96, plus statutory additions and interest from June 14,

    2018.

WHEREFORE, the United States requests that this Court:

(1)     enter judgment in favor of the United States and against Pravina Patel in the amount

        of $98,090.53, plus statutory additions and interest from June 14, 2018, for the unpaid

        FBAR Penalties assessed against her;

(2)     enter judgment in favor of the United States and against Hemang Patel in the amount

        of $48,763.96, plus statutory additions and interest from June 14, 2018, for the unpaid

        FBAR Penalties assessed against him; and

5

(3)     grant such further relief that the Court deems just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice Tax Division


KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-1927
Facsimile:  (202) 514-5238
E-mail:  karen.e.wozniak@usdoj.gov

Date:  June 27, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff. | : | CIVIL ACTION |
| v. | : | |
| PRAVINA PATEL and HAMENG PATEL, | : | |
| Defendants. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x )

| | | |
|---|---|---|
| June 27, 2018 | *Karen Wozniak* | United States of America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (202) 307-1927 | (202) 514-5238 | karen.e.wozniak@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Pravina Patel and Hemang Patel |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karen Wozniak, U.S. Department of Justice Tax Division
P.O. Box 55, Ben Franklin Station, Washington, D.C.  20044
Telephone: (202) 307-1927

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. sections 3711, 5314 and 5321

Brief description of cause:
action to collect civil penalties for failure to timely file Reports of Foreign Bank and Financial Accounts (FBARs)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
146,854.49

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
06/27/2018

SIGNATURE OF ATTORNEY OF RECORD
*Karen Wozniak*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: U.S. Department of Justice Tax Division, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044

Address of Defendant: 2205 Braeburn Ter., Lansdale, PA 19446-5351

Place of Accident, Incident or Transaction: failure to file Reports of Foreign Bank and Financial Accounts (FBARs) - did not occur in Pennsylvania

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/27/2018        *Karen Wzmrk*        Massachusetts BBO# 64 3182
                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
(Please specify): 31 U.S.C. sections 3711, 5314 and 5321

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
(Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____
                        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5-2018)